UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KIEONNA LITTLEJOHN, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:15-CV-194 NAB |
| JANSSEN RESEARCH & DEVELOPMENT, LLC, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals Inc., Bayer HealthCare LLC, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC and Janssen Ortho LLC's Motion to Stay [Doc. 13.] and Plaintiffs Kieonna Littlejohn and Audrey Oakley's Motion to Immediately Remand or Shorten the Briefing Schedule [Doc. 18.] The motions are fully briefed. Based on the following reasons, the undersigned recommends that Defendants' Motion to Stay be denied and Plaintiffs' Motion to Immediately Remand or Shorten the Briefing Schedule be granted.

**I.  Background**

On December 12, 2014, Plaintiff filed this action in the Twenty-Second Judicial Circuit (City of St. Louis) of Missouri, alleging state law claims against moving Defendants and Defendants Bayer Healthcare AG and Bayer AG[1] arising out of the design, research, development, manufacture, testing, labeling, advertising, marketing, promotion, distribution, and sale of pharmaceutical drug Xarelto (rivaaroxaban). Plaintiffs are citizens of Missouri and Indiana. Plaintiffs allege that they suffered damages as a direct result of ingestion of Xarelto and

---

[1] Defendants Bayer Healthcare AG and Bayer AG have not filed an entry of appearance in this matter.

that it was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the dangers associated with its use. They bring claims for strict product liability, intentional infliction of emotional distress, negligent infliction of emotional distress, common law fraud, negligence, negligent misrepresentation, fraudulent misrepresentation, express warranty, and implied warranty. On January 28, 2015, Defendants, excluding Bayer AG and Bayer Healthcare AG, removed the action to this court on the basis of diversity jurisdiction. The parties, however, are not diverse. Plaintiff Audrey Oakley and two of the defendants are citizens of Indiana. Despite the lack of complete diversity, Defendants state that federal diversity jurisdiction exists, because Oakley was fraudulently misjoined. Defendants also assert that the Court lacks personal jurisdiction over Defendants for Oakley's claims. Defendants request that the Court address the threshold issue of personal jurisdiction before determining whether the Court has subject matter jurisdiction over the case. Plaintiffs move to remand the case to the state court, asserting that there is not complete diversity to invoke federal subject matter jurisdiction and fraudulent misjoinder has not been recognized by the Eighth Circuit Court of Appeals.

## II. Discussion

"It is axiomatic that a court may not proceed at all unless it has jurisdiction." *Crawford v. F. Hoffman-LaRoche*, 267 F.3d 760, 764 (8th Cir. 2001). "Constrained by this fundamental principle, a federal district court may not dismiss a case on the merits by hypothesizing subject matter jurisdiction." *Id.* "On the other hand, certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject matter jurisdiction." *Id.* (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)). It is within the Court's discretion

to determine whether to decide the issues of personal jurisdiction or subject matter jurisdiction first." *Morgan v. Janssen Pharm.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959 at *2 (E.D. Mo. Nov. 25, 2014). The undersigned finds that the issue of subject matter jurisdiction is straightforward in this case and an inquiry into personal jurisdiction would be more fact intensive. Therefore, the undersigned will address subject matter jurisdiction first.

The party invoking federal jurisdiction bears the burden of showing that all prerequisites are met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Prempro*, 591 F.3d at 620 (*citing OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). Where a case has been removed, district courts are "required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Joinder of a non-diverse resident defendant "solely to deprive federal courts of jurisdiction" is fraudulent, however, and will not prevent removal. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). In *Filla v. Norfolk Southern Railway Company*, the Eighth Circuit clarified the standard for fraudulent joinder, noting that the standards employed by district courts had "run the gamut." 336 F.3d 806, 810 (8th Cir. 2003). Per *Filla*, "a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim," i.e., whether the claim has "a reasonable basis in fact and law." *Id*. Where state law

clearly precludes a plaintiff's claim, joinder is fraudulent. *Filla*, 336 F.3d at 810. But if the claim is "colorable," joinder is not fraudulent. *Id*. A claim is colorable if "state law *might* impose liability on the resident defendant under the facts alleged." *Id*.

In this case, defendants assert a similar theory of fraudulent misjoinder. "Fraudulent misjoinder occurs when a plaintiff sues a defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *Prempro*, 591 F.3d at 620. In *Prempro*, the Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine stating that based on the plaintiffs' complaints, the defendants failed to meet their burden to show that plaintiffs' claims were so egregious to constitute fraudulent misjoinder. *Id.* at 622.

Similarly, the undersigned finds that there is no need to express an opinion on the validity of the fraudulent misjoinder doctrine, because Defendants have failed to demonstrate that joinder of non-Missouri citizens with Missouri plaintiffs is so egregious and grossly improper to constitute a sham. *See Prempro*, 591 F.3d at 624. "As other judges from this district have found, the joinder of plaintiffs alleging injury from a single drug is not egregious because common issues of law and fact connect plaintiffs' claims." *Butler v. Ortho-McNeil-Janssen Pharm.*, No. 4:14-CV-1485 RWS, 2014 WL 5025833 at *2 (E.D. Mo. Oct. 8, 2014); *see also Swann v. Johnson & Johnson*, No. 4:14-CV-1546 CAS, 2014 WL 6850776 at *3-4 (E.D. Mo. Dec. 3, 2014); *Morgan v. Janssen Pharm.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959 at *3 (E.D. Mo. Nov. 25, 2014); *Douglas v. GlaxoSmithKline*, No. 4:10-CV-971 CDP, 2010 WL 2680308 at *2 (E.D. Mo. July 1, 2010). The Plaintiffs in this action have filed suit alleging injuries caused by the same product and arising out of the same design, research, development,

4

manufacture, testing, labeling, advertising, marketing, promotion, distribution, and sale of the product. Common issues of law and fact are likely to arise in the litigation. Plaintiffs' claims need not arise from the same transaction or occurrence, nor do they need to share a common outcome or state law, as long as common questions of law or fact are likely to arise in the litigation. *Butler*, at *2. The undersigned makes no judgment whether the Plaintiffs' claims are properly joined, however, "it is not clear that the joinder is so egregious and grossly improper under the broadly-interpreted joinder standards that it warrants adoption and application of the fraudulent misjoinder doctrine." *Prempro*, 591 F.3d at 623-624.

Because the joinder of claims in his case does not constitute egregious misjoinder, complete diversity does not exist and the undersigned recommends that this case be remanded to the Twenty-Second Judicial Circuit (City of St. Louis) of Missouri.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals Inc., Bayer HealthCare LLC, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC and Janssen Ortho LLC's Motion to Stay should be **DENIED**. [Doc. 13.]

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion to Immediately Remand or Shorten the Briefing Schedule should be **GRANTED** and that this case be **REMANDED** to the Twenty-Second Judicial Circuit Court (City of St. Louis) of Missouri. [Doc. 18.]

**IT IS FURTHER ORDERED** that the Clerk of Court shall randomly re-assign this action to a district court judge for final disposition.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of

time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 17th day of February, 2014.

                                                      /s/ Nannette A. Baker            .
                                                  NANNETTE A. BAKER
                                                  UNITED STATES MAGISTRATE JUDGE