UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIEONNA LITTLEJOHN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:15CV194 CDP |
| | ) |
| JANSSEN RESEARCH & | ) |
| DEVELOPMENT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion to stay by several defendants, as well as the plaintiffs' motion to immediately remand. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Nannette A. Baker. Judge Baker filed a Report and Recommendation, in which she recommended that the motion to stay be denied and the motion to remand be granted. She advised the parties that they had fourteen days to file written objections to her recommendations. *See* Section 636(b)(1)(C).

The moving defendants filed timely objections. The plaintiffs also filed a memorandum alerting the Court that one plaintiff's citizenship had been misstated in the Report and Recommendation.

I have reviewed *de novo* all matters relevant to the motions, and I conclude that the defendants' objections have no merit. Although plaintiff Kieonna Littlejohn is a citizen of Illinois who has alleged she first suffered injury in Missouri,[1] rather than a citizen of Missouri as the Report and Recommendation states, substituting her actual alleged citizenship does not change the fact that there is no complete diversity among the parties. As such, I agree with Judge Baker that this court lacks subject-matter jurisdiction over this action.

Contrary to the defendants' objections, Judge Baker properly determined that in an action with multiple potential jurisdictional deficiencies, this Court has discretion over which jurisdictional issue to resolve first. *See, e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). Furthermore, this Court has discretion to remand an action for lack of federal jurisdiction despite the existence of a conditional transfer order to pending multidistrict litigation. *See* Rule 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.

Finally, even assuming the Eighth Circuit Court of Appeals had explicitly recognized fraudulent misjoinder as an exception to the complete-diversity requirement *and* that a lack of personal jurisdiction over a nondiverse defendant supported the theory that parties had been fraudulently misjoined, personal jurisdiction over the nondiverse defendants is not so improbable here to

---

[1] (*See* Pet., Doc. 15, p. 3.)

demonstrate that the parties have been "egregiously" misjoined. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that the **Report and Recommendation** of the United States Magistrate Judge [#23] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the defendants' motion to stay [#13] is denied, and the plaintiffs' motion to immediately remand or shorten the briefing schedule [#18] is granted.

**IT IS FINALLY ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2015.